HENRY BRYAN v. JOHN BULLOCK.

*Partnership—Evidence, Sufficiency of to be Submitted to Jury.*

1. To entitle evidence to be submitted to a jury, it must be such as would justify the finding of a verdict in favor of the party introducing it.

2. Where in the trial of an action to hold defendant liable as a partner of S., it appeared that S. was engaged in buying timber trees from divers persons and converting them into cross-ties and selling the same to defendant, as he had done to others; that defendant agreed to pay and did pay the vendors of the trees, instead of paying directly to S., by accepting the latter's drafts on him, the sellers being protected by retaining title until the cross-ties were paid for or satisfactory assurances of payment were received; *Held,* that the evidence of partnership between defendant and S. was too slight to be submitted to the jury.

CIVIL ACTION, begun in a court of a Justice of the Peace, and tried, on appeal, before *McIver, J.,* and a jury, at July Term, 1896, of GRANVILLE Superior Court. After the evidence was in, his Honor intimated his opinion that there was not sufficient evidence of the alleged partnership between R. T. Smith and the defendant (whom the plaintiff sought to hold liable) to be submitted to the jury, and that he would therefore instruct the jury to return a verdict for the defendant. In deference to such an opinion the plaintiff submitted to a non-suit and appealed.

*Messrs. Edwards & Royster* and *Graham & Graham,* for plaintiff (appellant).
*Messrs. Winston, Fuller & Biggs,* and *T. T.* and *A. A. Hicks,* for defendant.

FAIRCLOTH, C. J.: We think his Honor properly declined
119—13

to submit the evidence to the jury on the allegation of a partnership between R. T. Smith and the defendant, which is the principal question.

In the absence of a special contract, the usual test of one's being a partner is his participation in the profits of the business *as such*, involving a common liability for losses. *Mauney* v. *Coit*, 86 N. C., 463. A perusal of the whole evidence fails to disclose any of the usual tests of partnership, there being no such special agreement, and does not support the plaintiff's contention, to be inferred from the acts of the defendant, who never held himself out as a partner of Smith, but expressly denies such relationship. The evidence shows that Smith was engaged in the business of buying timber trees from divers persons, and working out cross-ties and selling the same to the defendant, as he had done to Cooper and other persons, and marking the cross-ties accordingly, when delivered to the railroad companies. The defendant agreed to pay and did pay the vendors of the trees, instead of paying directly to Smith, by accepting Smith's drafts on him in favor of the bank and others. The sellers protected themselves by retaining title until the cross-ties were paid for, or until they received satisfactory drafts or promises for the same.

Whilst there are some items of the evidence that would not be inconsistent with a partnership relation, yet they are too slight to be sent to the jury on the main question, as pointed out in *Young* v. *Railroad*, 116 N. C., 932.

                                        Affirmed.